Paul J. BOGOSIAN, et al., Class Representatives

v.

GULF OIL CORPORATION, et al.

Civ. A. Nos. 71–1137, 71–2543.

United States District Court, E.D. Pennsylvania.

April 1, 1985.

**28**

## MEMORANDUM OPINION AND ORDER

VANARTSDALEN, Judge.

*Counsel Fees and Costs Award*

By separate memorandum and order, I approved the settlement agreements entered into between counsel for the class plaintiffs and the thirteen remaining defendant oil companies. Counsel for the plaintiffs filed a motion for the allowance and award of counsel fees and costs. The motion requests counsel fees (including attorneys, law clerks and paralegals) totaling $6,734,600.50, plus costs expended of $349,-475.73, and $20,000.00 apiece to the named class representatives, Louis J. Parisi and Paul J. Bogosian, for consultative and other specialized services rendered to the class.

The total fund created for the damage class plaintiffs by the thirteen settling defendants is $25,000,000.00. In addition, certain equitable relief was obtained for the existing lessee-dealers who composed the plaintiff injunctive class, many of whom are class members of the damage class. Proper notice was provided to plaintiffs of both classes as to the proposed settlements and the application for counsel fees and costs. The notice provided for filing of objections and set a date for hearing the motions. Some objections were received as to the extent and nature of the equitable relief and as to the breadth of the releases to be granted to the defendants. There was no objection filed or stated at the hearing as to the amount of the proposed attorneys' fees or the distribution of the fees. Nevertheless, it is clearly the duty of the trial judge to determine the amount of fees and costs to be allowed out of the settlement fund.

In this circuit, fee awards in class actions are controlled by the guidelines set forth in *Lindy Brothers Builders, Inc. v. American Radiator and Standard Sanitary Corp.*, 487 F.2d 161 (3d Cir.1973) (*Lindy I*) and 540 F.2d 102 (3d Cir.1976) (*Lindy II*), and their progeny. Further guidance has been recently provided by *In Re Fine Paper Antitrust Litigation*, 751 F.2d 562 (3d Cir.1984). Fortunately, in this case, unlike several of the reported cases on counsel fees, there is a single unified fee petition presented by all counsel, and there is no dispute among counsel as to how the fees are to be divided among them. The petition is amply documented by affidavits, time records and other supporting material.

The first step in the analysis is "a determination of how many hours were spent, by which attorneys, and in what manner." *In Re Fine Paper*, 751 F.2d at 583. These essential facts are fully documented in the petition and annexed papers. Time records were maintained on a current basis. Berger & Montague, P.C., the principal law firm involved, kept accurate computerized data processing records of time spent and services rendered. The other firms involved submitted detailed affidavits attesting to the maintenance of contemporaneous time records. There is nothing in any of the submissions to suggest that the records are inaccurate or that the time expended was excessive or duplicative. In that re-

spect it may be noted that since the entry of Class Action Order No. 63 on February 8, 1983, all of the attorneys were placed under rigid time constraints to bring the case to trial, and plaintiffs' attorneys, as well as defense counsel, were constantly hard pressed to accomplish the many absolutely essential pretrial preparations within the established time limits. They did not have the luxury of unlimited time within which to perform needless or redundant tasks. Determining after-the-fact and from hindsight whether the work done by attorneys in preparing a case for trial was excessive or wasteful is always difficult and largely subjective. This case was of such complexity that if there were enough lawyers available, an almost infinite amount of time could have been productively utilized in preparing for trial. The total hours claimed for the period covered by this fee petition appear to be entirely reasonable.

██ The next step is to "determine the value of each attorney's services to the class." *Id.* at 583. This is determined as to each attorney individually. Such a determination involves consideration of an attorney's usual billing rate for like or similar services rendered to a paying client. This is an essential ingredient in determining the "lodestar" figure that then may be adjusted up or down based on separate considerations. The affidavits of counsel set forth both the present and the historical billing rates for the various attorneys, law clerks and paralegals.

██ In determining the "lodestar" fee in this case, I will apply the historical billing rates. Although counsel in their brief submit respectable authority that has utilized current rates (apparently to compensate for delayed payment), such an approach seems inconsistent with the theme of *Lindy Brothers* and its progeny. The "reasonable hourly rate" would appear to be that which the attorney would have charged at the time the services were rendered, not that which in today's market might be appropriate. Compensation for the delay in

payment is a factor that must, under *Lindy Brothers*, be considered as one of the contingencies influencing the adjustment to the lodestar. *In Re Fine Paper,* 751 F.2d at 583.

The fee application is for work done from February 22, 1981 to November 30, 1984. In 1981, Sun Oil Company and Getty Oil Company settled, and out of that settlement fund, plaintiffs' counsel were awarded fees of $2,110,006.50 and costs of $79,926.64 for services to February 22, 1981. The interim award was calculated solely on the basis of the "lodestar" calculation without any upward adjustment, but without prejudice to seeking an upward adjustment upon final termination of the litigation. Counsel are not seeking any upward adjustment for the fees allowed for work prior to February 22, 1981. The prior fee award did utilize the then current billing rates for work extending over approximately ten years. The decision by plaintiffs' counsel not to seek any additional compensation for work done during the period prior to February 22, 1981, is both appropriate and commendable.

The lodestar will be calculated by multiplying the number of hours expended by each attorney, law clerk and paralegal by the historical billing rate of each such person. The total number of hours expended, as detailed in the petition and annexed documents, is 32,757.75 hours for attorneys, 1,992.25 hours for law clerks, and 13,468.25 hours for paralegals. The law firm of Berger & Montague, P.C., which was plaintiffs' lead counsel throughout this litigation, accounts for 28,143.5 hours of lawyers' time and all of the claimed law clerk and paralegal time. The other attorneys seeking claims are Norman P. Zarwin (156.3 hours), Richard E. Bennett (420 hours), James J. Binns (249.55 hours), and Harold Brown (3,788.4 hours).

Utilizing the historical billing rates and allowing all of the time claimed by each attorney, the lodestar figure for the attorneys involved is as follows:

FIRM:
BERGER & MONTAGUE, P.C.[1]

| Attorney | Hours | Range of Historical Hourly Rate | Hours × Rate |
|---|---|---|---|
| David Berger | 746.25 | $ 260–300 | $ 211,397.50 |
| H. Laddie Montague, Jr. | 2,504.00 | 175–200 | 490,645.00 |
| Warren D. Mulloy | 3,251.75 | 160–185 | 580,743.75 |
| Stanley R. Wolfe | 644.50 | 140–180 | 100,147.50 |
| Merrill G. Davidoff | 124.75 | 125–180 | 20,327.50 |
| Howard I. Langer | 403.75 | 95–140 | 52,658.75 |
| Martin I. Twersky | 6,934.25 | 60–110 | 623,923.75 |
| Alan M. Sandals | 255.00 | 65–90 | 20,223.75 |
| Roger Bernstein | 445.25 | 80–100 | 36,095.00 |
| Joan Zubras | 130.50 | 75–80 | 9,872.50 |
| Stephen Ramos | 6,006.25 | 65–75 | 422,372.50 |
| Patricia A. Fanelli | 6,513.50 | 65–75 | 454,601.25 |
| Sheldon Taubman | 100.00 | 65 | 6,500.00 |
| Other Attorneys | 83.75 | Varied | 12,532.50 |
| Total Attorney Hours: | 28,143.50 | Total Value: | $3,042,041.25 |

FIRM:

| Law Offices of Harold Brown [2] | 3,788.4 | $ 50–250 | $ 596,822.50 |
|---|---|---|---|

FIRM:

| James J. Binns, P.A. | 249.55 | $ 250 | $ 62,387.50 |
|---|---|---|---|

FIRM:
Zarwin, Baum, Resnick and Cohen, P.C.

| Zarwin, Baum, Resnick and Cohen, P.C. | 156.3 | $ 100–135 | $ 19,675.00 |
|---|---|---|---|

FIRM:

| Richard E. Bennett | 420 | $ 110–140 | $ 51,600.00 |
|---|---|---|---|
| Total Attorney's Fee—Lodestar Calculation | | | $3,772,526.25 |

■ In addition, Berger & Montague, P.C., seek to have the law clerks' and paralegals' time and charges added to the lodestar. Services rendered by law clerks and paralegals may properly be included in the attorneys' fee award. Whether those services are considered as costs or fees is of little practical significance provided the amount is that which would normally be billed a paying client and no upward adjustment is made to such calculation in determining a proper fee award. Again counsel have cited respectable authority that included paralegal services in calculating the lodestar before applying a percentage upward adjustment. This I now consider to be an incorrect method of calculation. In prior cases, I too may have included paralegals' time and utilized current rather than historical billing rates before applying an upward adjustment. The historical as opposed to current rates will be utilized as follows:

1. The figures for Berger & Montague are compiled from six separate billing periods spanning February 23, 1981 to November 30, 1984. *See* Exhibit C, Affidavits in Support of Joint Petition of Plaintiffs' Counsel Fees and Reimbursement of Cost Disbursements.

2. The figures for the Law Offices of Harold Brown include Mr. Brown and twelve attorneys in his firm.

| | Hours | Range of Historical Hourly Rate | Hours × Rate |
|---|---|---|---|
| Paralegals | 13,468.25 | $30–40 | $477,540.00 |
| Law Clerks | 1,992.25 | 35–40 | 71,993.75 |
| Total | | | $549,533.75 |

Thus, there is a lodestar for attorneys' time and services of $3,772,526.25 and for paralegals and law clerks, $549,533.75. The lodestar may be adjusted upward based on the contingent likelihood of success in the litigation and the overall quality of the work performed. Significantly, the only attorneys who are seeking any upward adjustment of the fees are the law firm of Berger & Montague, P.C., and James Binns.[3] They seek a multiplier of 1.5 times the lodestar figure. As to Berger & Montague, P.C., I consider this a modest and fair request.

Little need be said as to the multiplier request by Berger & Montague, P.C. The uncertainty of receiving any compensation was somewhat softened by the Sun Oil Company and Getty Oil Company settlements in 1981, for which all counsel received a substantial interim award of fees. Beyond that point in time, there were extreme risks that there would be no additional fund out of which to seek fees at the end of the litigation. Among the most substantial hurdles to successful litigation, as I repeatedly expressed in various pretrial determinations, was proof on a classwide basis of damages in any amount.

As to the quality of the work performed, although that would normally be reflected in the not immodest hourly rates of all attorneys, for which one would expect to obtain excellent quality work at all times, the results of the settlements speak for themselves. Despite the extreme uncertainties of trial, plaintiffs' counsel were able to negotiate a cash settlement of a not insubstantial sum, and, in addition, by way of equitable relief, substantial concessions by the defendants which, subject to various conditions, will afford the right, at least, to lessee-dealers to obtain gasoline supply product from major oil companies and suppliers other than from their respective lessors. The additional benefits obtained for the classes by way of equitable relief would, in and of itself, justify some upward adjustment of the lodestar figure.

The multiplier of 1.5 times the calculated lodestar figure of the attorneys' time and services based on historical rates of the law firm of Berger & Montague, P.C., will be granted.

Mr. Binns, an eminently qualified trial attorney, was called into the fray by plaintiffs' counsel sometime in 1984. He expended a total of 249.55 hours. His normal billing rate for 1984 was $250 per hour. Undoubtedly, his services were quite valuable. He appears to have been one of the important members of plaintiffs' negotiating team that finally brought about the settlements. I note that the billing rates of at least twenty-seven attorneys who have assisted plaintiffs in this litigation are set forth in the application and accompanying documents. Mr. Binns' hourly billing rate is higher than all but two of those attorneys; namely, David Berger, lead counsel throughout, whose rate is higher, and Harold Brown, whose rate is the same as Mr. Binns'.

█ Without in any way intending to minimize the value of the services rendered by Mr. Binns, I do not find that a multiplier to the hourly rate of $250 is warranted for him in this case. The delay factor, to the extent delay in payment is an appropriate consideration in deciding an upward adjustment, is minimal or nonexistent, because no work was done prior to 1984. Although

---

3. Other attorneys might have requested an upward adjustment had they anticipated that historical billing rates, rather than current rates, would be utilized. Nevertheless, I conclude that the historical rates provide an ample fee award in this case.

the uncertainty or contingency factor was of course present, most of the pretrial proceedings and discovery had been completed and thus the contingent risks could be more adequately gauged. Where substantial hourly rates are charged, an upward adjustment should be awarded only in unusual circumstances where it is needed to obtain a fair fee for the services rendered.[4]

■ There is also an application for an award of $20,000.00 apiece to Louis Parisi and Paul Bogosian, the two named class representatives in these cases. Both provided valuable consultative assistance to plaintiffs' counsel. They, by reason of being the class representatives, were required to assist in preparing pretrial discovery; they were both subject to extensive oral depositions. Early in discovery, I had ruled that defendants could not depose class members, other than the class representatives, unless they were identified as trial witnesses. Each representative avers that he spent in excess of 500 hours' time at counsels' request toward various preparatory phases of this litigation. The propriety of allowing modest compensation to class representatives seems obvious, and I have done so in at least one previous case. *Aamco Transmissions v. Tayloe*, 82 F.R.D. 405 (E.D.Pa.1979). There has been no objection to this application. It will be granted.

The law firm of Berger & Montague, P.C., will be awarded the lodestar for attorneys' fees of $3,042,041.25, multiplied by 1.5, which equals $4,563,061.87, plus law clerks' and paralegals' charges of $549,533.75, for a total fee of $5,112,595.62. In addition, costs expended of $325,097.44 will be awarded. Harold Brown will be awarded $596,822.50, plus costs expended of $23,328.99. James Binns will be awarded $62,387.50 and costs of $374.50. Zarwin, Baum, Resnick and Cohen, P.C., will be awarded $19,675.00. Richard Bennett will be awarded $51,600.00 and costs of $675.00.

■ The total fees awarded at this time are $5,843,080.62; costs are allowed totaling $349,475.93. The total settlement generating these fees is $25,000,000.00. The fee awards are approximately 23⅜% of the fund. This would appear to be an overall reasonable award considering all of the circumstances. If one takes into account prior settlements, there was a total settlement fund generated of $36,000,000.00. Also calculating the amount of prior fees awarded, together with the present award of fees allowed, the total fees would be $7,953.087.12. This would calculate to approximately 22% of the total settlement fund—again an overall reasonable amount.

In the notice that was sent to the class members, it was stated the total awards for fees and costs "will not exceed 25% of the aggregate amount of all settlements in this matter, including interest accrued on the settlements obtained from all defendants." As of the time of the hearing on the application for approval of the settlements and the award of fees, it was represented that there remained a fund of about $12,000,000 after deducting the interim award of fees and costs, which sum, together with the $25,000,000 from the present settlements, will create a principal fund of $37,000,000.00, which until final distribution will continue to collect interest.

There is considerable work still to be completed in distributing the shares to the proper class members. However, because of a proposed formula set forth in the notice to the damage class, to which there has been no objection, the work required to complete the attorneys' services should be fairly routine and no doubt much of the work can be assigned to paralegals and other less expensive professional assistants. Of course, counsel will be entitled to

---

**4.** In *Hensley v. Eckerhart*, 461 U.S. 424, 435, 103 S.Ct. 1933, 1940, 76 L.Ed.2d 40 (1983), involving a fee award under 42 U.S.C. § 1988, the court stated:

Where a plaintiff has obtained excellent results, his attorney should recover a fully com-

pensatory fee. Normally this will encompass all hours reasonably expended on the litigation, and indeed in some cases of exceptional success an enhanced award may be justified.

petition for the allowance of additional fees and costs for services that are required in order to complete the duties owed to the classes, subject to the overall limitation self-imposed by counsel in the notice sent to the classes, as noted above.

### SETTLEMENT ORDER NO. 7

It is ordered that counsel fees and costs in addition to the interim award heretofore entered, are awarded to be paid out of the settlement fund created by the settlements with the defendants as follows:

| | | | |
|---|---|---|---|
| 1. | Berger & Montague, P.C. | Fees | $5,112,595.62 |
| | | Costs | 325,097.44 |
| 2. | Harold Brown | Fees | 596,822.50 |
| | | Costs | 23,328.99 |
| 3. | James Binns | Fees | 62,387.50 |
| | | Costs | 374.50 |
| 4. | Richard Bennett | Fees | 51,600.00 |
| | | Costs | 675.00 |
| 5. | Zarwin, Baum, Resnick, and Cohen, P.C. | Fees | 19,675.00 |

It is further ordered that there is awarded out of the settlement fund created by the settlements with the defendants the sum of $20,000 apiece to the class representatives, Louis Parisi and Paul J. Bogosian.