**Anna CARROLL, Susan J. Kane, Jean Sallaway and Stephen R. Townsend, Plaintiffs,**

v.

**BLUE CROSS AND BLUE SHIELD OF MASSACHUSETTS, Defendant.**

Civ. A. No. 92–10347–K.

United States District Court,
D. Massachusetts.

March 16, 1994.

Stephen M. Perry, Casner & Edwards, Boston, MA, for Anna Carroll.

Francis C. Lynch, Aaron V. von Staats, Palmer & Dodge, Lisa Grady, Boston, MA, for Blue Cross/Blue Shield of Massachusetts.

Stephen M. Perry, Thomas J. Walsh, Robert M. Mendillo, Casner & Edwards, Boston, MA, for Jean Sallaway, Stephen R. Townsend, Susan J. Kane.

---

Stephen M. Perry, Robert M. Mendillo, Casner & Edwards, Boston, MA, for Karen McCann.

## JUDGMENT

KEETON, District Judge.

This action having been certified as a class action in accordance with the Court's order of May 24, 1993, a copy of which is attached as Exhibit "A" and incorporated herein by reference, and the issues having been tried before the Court, it is hereby ORDERED, ADJUDGED AND DECREED as follows:

I. The defendant, Blue Cross Blue Shield of Massachusetts, Inc. ("Blue Cross"), shall make the following payments to each class member:

A. An amount equal to fifty-two days' pay, calculated by dividing the class member's weekly salary from Blue Cross as of January 23, 1992 ("the Class Member's Weekly Salary") by seven and then multiplying the result by fifty-two.

B. An additional amount equal to one weeks' pay at the Class Member's Weekly Salary for each full year of service with Blue Cross up to fourteen years and two weeks' pay at the Class Member's Weekly Salary for each full year of service with Blue Cross for years fifteen and beyond, subject to a maximum total of forty-four weeks. In making this calculation class members shall be credited with Blue Cross service through and including March 23, 1992.

C. For class members who were classified by Blue Cross as Salary Range 10 or higher as of January 23, 1992, an additional amount equal to the Class Member's Weekly Salary multiplied by the class member's numerical Salary Range (e.g., ten weeks' pay for Range 10 employees, eleven weeks' pay for Range 11 employees, and so forth), provided the class member executes and delivers to Blue Cross a release effective as of January 23, 1992 substantially in the form of Exhibit "B" hereto.

II. Blue Cross shall pay to class members the amount of $109,774.64 for attorneys' fees and expenses through the date of judgment pursuant to the fee shifting pro-visions of 29 U.S.C. § 1132. From this sum, the class representatives shall receive payments of $7,500 each as compensation for services rendered to the class in initiating and prosecuting this action, and the balance shall be added pro rata to the class members' respective claims.

III. Blue Cross shall add prejudgment interest to the amounts payable under section I hereof at the rate of 12 percent from January 23, 1992 through the date of this judgment.

IV. Blue Cross shall subtract from the foregoing payments and pay on behalf of the class to Casner & Edwards, counsel for the plaintiff class, as a common fund percentage fee, an amount equal to ten percent of all amounts, including interest, payable to class members hereunder. Subject to section V hereof, concerning post-judgment interest, this payment shall represent all compensation payable to Casner & Edwards from class funds or otherwise for expenses and services rendered to the class to date or to be rendered in the future.

V. To the extent any post-judgment interest becomes payable, it shall be added to each of the respective payments provided for in Sections I, II and III of this Judgment, at the rate of 4.22% per annum.

## EXHIBIT A

### ORDER CERTIFYING CLASS ACTION

Pursuant to Fed.R.Civ.P. 23(b)(2), and in accordance with the Court's Memorandum and Order dated February 8, 1993, the Court hereby certifies this action as a class action pursuant to Fed.R.Civ.P. 23(b)(2). Plaintiffs, Anna Carroll, Susan J. Kane, Jean Sallaway and Stephen R. Townsend, are designated as class representatives. The class is defined as follows:

All individuals formerly employed in the Information Services area of Blue Cross and Blue Shield of Massachusetts ("Blue Cross") whose employment was terminated in or around late January, 1992 in connection with Blue Cross' entry into an Agreement for Information Technology Services

with Electronic Data Services Corporation ("EDS") dated January 22, 1992, or whose Blue Cross employment was terminated due to such Agreement upon returning from disability leave, and who did not receive the notice and severance benefits set forth in the Blue Cross Organizational Change Policy then in effect. Specifically excluded from this class are those former Blue Cross individuals who were terminated by EDS on or before May 31, 1992 and who received from EDS notice and severance benefits measured in accordance with the Blue Cross Organizational Change Policy.

Dated: May 24, 1993

## EXHIBIT B

## SEVERANCE AND RELEASE AGREEMENT

This Agreement is made between _____ (the "employee") and Blue Cross and Blue Shield of Massachusetts, Inc. (the "company"). The purpose of this Agreement is to acknowledge the service provided to the company by the employee and to resolve all disputes which could arise because of the employee's separation from the company.

1. The employee acknowledges that the company has offered and the employee has voluntarily accepted a special Severance Benefit of the number of weeks salary equal to the number of his/her salary range (up to a maximum of 15), which will be paid to the employee upon termination of his/her employment. The employee acknowledges that this Severance Benefit is in addition to the separation package provided to all employees which he/she will also receive. The employee further acknowledges and agrees that if he/she accepts a position in the company prior to termination of his/her current employment, he/she will not receive this special Severance Benefit and this Agreement will be null and void.

2. In consideration for payment of this special Severance Benefit and by entering into this Agreement, the employee, for himself/herself, his/her heirs, agents, successors, and assigns, hereby remises, releases, and forever discharges the company, its affiliates, subsidiaries, successors, and assigns and all of their agents, officers, directors, representatives, and employees, past and present, from any and all debts, demands, actions, causes of action, suits, contracts, and any and all claims, demands, and liabilities whatsoever, of every name and nature, in law or equity, including without limiting the generality of the foregoing, claims which might arise under the Age Discrimination in Employment Act, which the employee ever had, now has, or in the future may have against them in any way, directly or indirectly, arising out of, in connection with, or relating to employee's employment with the company or separation from that employment. This Agreement does not affect the employee's rights under ERISA or other applicable law governing the employee's pension or other benefit plans.

3. The employee represents and agrees, as evidenced by his/her signature below, that he/she fully understands his/her right to discuss all aspects of this Agreement with an attorney or other advisor and that, to the extent desired, the employee has availed himself/herself of that right, that he/she has read carefully and understands fully all the provisions of this Agreement, and that he/she is voluntarily entering into this Agreement.

4. This Agreement represents the entire understanding of the employee and company and supersedes all other agreements, whether oral or written. This Agreement can be modified only by a written agreement executed by the parties.

This Agreement shall become effective immediately upon execution and notarization.

_____
Employee
Date:

_____
Edward J. Dailey
General Counsel
Blue Cross and Blue Shield
of Massachusetts, Inc.
Date:

Then personally appeared _____ (employee's name) before me and acknowledged

the foregoing Release to be his/her free act and deed.

_____

Notary Public
My commission expires _____