Stanley PELLETZ, Betty Pelletz, Joseph Jamruk, Stacey Jamruk, Michael Mustac, and Greg Knudtson, on behalf of themselves and on behalf of all others similarly situated, Plaintiffs,

v.

WEYERHAEUSER COMPANY; and Advanced Environmental Technologies, Inc., Defendants.

Nos. C08–0334 JCC, C08–0403 JCC.

United States District Court, W.D. Washington, at Seattle.

Jan. 9, 2009.

---

**1.** This date was chosen in recognition of counsel's Notice of Unavailability, Dkt. # 85.

See also 255 F.R.D. 537, 2009 WL 59126.

Don J. Young, III, Gary, Naegele & Theado LLC, Lorain, OH, James J. Pizzirusso, Richard S. Lewis, Hausfeld LLP, Washington, DC, John H. Bright, Mark Adam Griffin, Keller Rohrback, Kim D. Stephens, Seattle, WA, Jori Bloom Naegele, Gary, Naegele & Theado LLC, Lorain, OH, for Plaintiffs.

Thomas L. Boeder, Perkins Coie, Blake Edward Marks–Dias, Douglas H. Fleming, Riddell Williams, Seattle, WA, Carl C. Scherz, Jeffrey Logan, Locke Lord Bissell & Liddell LLP, Dallas, TX, for Defendants.

## ORDER APPROVING MOTION FOR ATTORNEYS' FEES AND COSTS AND SERVICE AWARDS TO THE NAMED PLAINTIFFS

JOHN C. COUGHENOUR, District Judge.

This matter comes before the Court on Plaintiffs' Application For An Award of Attorneys' Fees and Costs and Service Awards for the Named Plaintiffs (the "Fee Application") (Dkt. No. 121). The Court has carefully considered the Fee Application, all supporting declarations and exhibits, including the detailed fees and costs breakdowns submitted to the Court for *in camera* review, and all other materials relating to the Fee Application. In addition, the Court has considered the arguments of counsel at the fairness hearing held on

January 8, 2009. The Court hereby finds and rules as follows.

## I. BACKGROUND

This fee application arises in the context of a class action Settlement reached by the parties, which has been finally approved by the Court in a separate order dated today. Plaintiffs' counsel's attorney fees were negotiated after the Settlement Agreement was executed and are capped at $1.75 million. The requested fee is in addition to, and in no way diminishes, the benefit to the class. (Mot. 1 (Dkt. No. 121 at 7).) The parties have agreed that Defendant AERT will pay the attorney's fees and costs if approved by the Court. (*Id.*)

Specifically, Plaintiffs' counsel requests that the Court award the following:

(1) $1,673,527.64 in attorney's fees;

(2) $76,472.36 in costs; and

(3) $30,000 in incentive/service awards to each household of named Plaintiffs ($7,500 each to the Pelletzes, the Jamruks, Mr. Knudtson, and Mr. Mustac), for the services they rendered to the Class by participating in this litigation, which resulted in a substantial class Settlement. (*Id.*)

## II. ANALYSIS

▇▇▇ In the context of class action settlements, courts have the discretion to choose either the "lodestar/multiplier" method or the "percentage" method to determine a reasonable attorneys' fee, depending on the case. *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1029 (9th Cir.1998). However, the Ninth Circuit has held that when state substantive law applies, attorneys' fees are to be awarded in accordance with state law. *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1047 (9th Cir.2002). Because Washington is the forum state, Washington law should be applied to the

determination of an appropriate fee award. *Id.*

▇▇▇ Washington law also recognizes both the lodestar method and the percentage of the fund methods for determining appropriate attorneys' fees. *Bowles v. Wash. Dep't of Ret. Sys.*, 121 Wash.2d 52, 847 P.2d 440, 450–51 (1993). "Under the lodestar/multiplier method, the district court first calculates the 'lodestar' by multiplying the reasonable hours expended by a reasonable hourly rate." *In re Wash. Pub. Power Supply Sys. Sec. Litig.*, 19 F.3d 1291, 1295 n. 2 (9th Cir.1994). "The court may then enhance the lodestar with a 'multiplier,' if necessary, to arrive at a reasonable fee." *Id.* (citation omitted); *Vizcaino*, 290 F.3d at 1052–54 (approving multiplier of 3.65 and citing a survey of class settlements from 1996–2001 indicating that most multipliers range from 1.0 to 4.0). "Under the percentage method, the court simply awards the attorneys a percentage of the funds sufficient to provide plaintiffs' attorneys with a reasonable fee." *In re Wash. Pub. Power Supply*, 19 F.3d at 1295 n. 2 (citation omitted). The overriding principle is that the award be " 'reasonable under the circumstances.' " *Id.* (*quoting Florida v. Dunne*, 915 F.2d 542, 545 (9th Cir.1990)).

▇▇▇ Under both federal law and Washington law, the lodestar method is best suited to evaluate the attorneys' fees request in this case. First, Settlement relief will be paid on a claims made basis with no cap to the relief available, so the total value of the Settlement is difficult to monetize. Thus, the requested attorneys' fees do not lend themselves to a percentage of the fund analysis. *Compare Hanlon*, 150 F.3d at 1029 (explaining that courts often use a lodestar calculation where there is no way to gauge the net value of the settlement or any percentage thereof). Second, because the attorneys'

fees will be assessed against the Defendants without reducing the relief available to the Class, the lodestar method is more appropriate. *Bowles*, 847 P.2d at 450–51.

### A. *THE REQUESTED AWARD OF ATTORNEYS' FEES IS APPROPRIATE UNDER THE LODE-STAR METHOD*

#### 1. The Reasonable Hours Expended Multiplied by a Reasonable Hourly Rate

Plaintiffs' counsel have submitted detailed breakdowns of the time the lawyers at each firm spent working on this case and the billing rates of each. The Court has reviewed these documents and finds that the time spent by the attorneys was reasonably and necessarily expended in the course of representing Plaintiffs in this matter. Class Counsel: (1) investigated and filed these actions; (2) responded to over 900 inquiries throughout their investigation and collected photographs, purchase information, and other facts from almost 500 of them, which helped determine the scope of the problem and define the Class; (3) coordinated fourteen deck inspections throughout the country, in each instance facilitating informal discovery from the homeowners, as well as commissioning expert laboratory analysis of many of the decks, and follow-up visits and inspections of two of them; (4) engaged multiple experts to assess the nature and scope of the defect, evaluate potential cleaning methods and mold inhibitors, assess objective criteria for evaluating claim forms, and generally assist with various technical matters; (5) obtained and reviewed information directly from Defendants, including confidential product formulations and sales data; (6) crafted a Settlement after almost a year of investigation, informal discovery and arms-length negotiations; (7) successfully moved for preliminary approval of the Settlement; (8) played a major role in developing the class notice materials and claim forms; and (9) responded to Class member questions concerning the Class notice and Settlement.[1]

The Court summarizes the reported hours and billing rates as follows:

The Leiff Cabraser Heimann & Bernstein, LLP attorneys, from New York City, billed for partners at between $405 and $800 per hour (the vast majority of the work was performed by Jonathan Selbin at $600 per hour), and for associates at $305 to $380 per hour. This firm totaled 1,304.6 hours and $421,387.50 in billings.

Goldenberg Heller Antognoli & Rowland, P.C., in Illinois, billed for partners at between $425 and $450 per hour and for associates at $310 per hour. They worked for 248.1 hours for a total of $104,141.50.

Gary, Naegele & Theado, LLC, in Ohio, billed at rates from $275 to $575 per hour, for a total of 346.30 hours and $179,341.25 in billings.

Hausfeld LLP, in Washington D.C., spent a total of 296.5 hours for a total of $111,742.00 in billings.

Keller Rohrback LLP, in Seattle, spent a total of 164.7 hours, billing from $415 to $660 per hour, for a total of $76,746.80 in billings.

Tousley Brain & Stephens, in Seattle, billed at $475 to $760 per hour and worked for 47.20 hours for a total of $27,822.50 in billings.

The Court finds that the hourly rates charged by the attorneys in this case are reasonable for the work performed in each of the respective relevant communities by

---

1. *See* Declarations of Selbin ¶¶ 7–11 (Dkt. No. 122 at 5), Heller ¶¶ 4–8 (Dkt. No. 123 at 2–3), Lewis ¶¶ 7–13 (Dkt. No. 126 at 4–7), Naegele ¶¶ 6–9 (Dkt. No. 125 at 3).

attorneys of similar skill, experience, and reputation. Defendants do not contest that the rates stated are the prevailing rates for similarly situated attorneys in the pertinent regions. The Court notes that the hourly rates of Co–Lead Counsel from Lieff Cabraser (the firm with the highest lodestar) and Class Counsel from Tousley Brain Stephens were recently approved by Judge Leighton in this district after a reasonableness review. *See Grays Harbor Adventist Christian Sch. v. Carrier Corp.,* No. C05–5437–RBL, 2008 WL 1901988, at *3 (W.D.Wash. Apr. 24, 2008). Having reviewed the detailed reports and summaries submitted by counsel, the Court finds that the combined lodestar for class counsel amounts to $921,182.05, for a combined total of 2,407.40 hours reasonably expended.

## 2. *Kerr* Factors

The Ninth Circuit has enumerated factors to consider in determining the appropriateness of a fee using the lodestar method. *Kerr v. Screen Extras Guild, Inc.,* 526 F.2d 67, 70 (9th Cir.1975); *see also Hanlon,* 150 F.3d at 1029. In approving a fee request under the lodestar method, trial courts should consider:

(1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the 'undesirability' of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

*Kerr,* 526 F.2d at 70. The Court has considered these factors and determines that the requested award of attorneys' fees and reimbursement of expenses is appropriate. The Court finds that the amount of fees and costs awarded herein is fair and reasonable to the Class in light of the result achieved, the effort that was spent, the complexity of the issues presented, and the numerous risks faced by Class Counsel in obtaining a successful result.[2] Specifically, the Court finds, based on the record submitted, that the attorneys' fees awarded herein are justified in light of, *inter alia,* the following factors:

*Time and Labor Required:* As described above, Class Counsel provided summary reports of each firm's lodestar with their Fee Application on December 4, 2008 and later supplemented those records with detailed time reports, which Class Counsel submitted for *in camera* review. Based on a review of these materials, the Court finds that the 2,407.4 hours Class Counsel collectively expended on this case were reasonably spent. Furthermore, pursuant to the Settlement Agreement, and as argued at the fairness hearing, Class Counsel will retain significant responsibilities throughout the claims period, which is expected to last several years. Class Counsel can reasonably expect to spend hundreds of additional hours overseeing the claims resolution process and assisting Class members. The Court considers this factor especially persuasive in applying the multiplier of 1.82 on class counsel's combined lodestar. The Court also notes the fact that the time reports submitted to the Court represented only work performed through the end of No-

---

**2.** Notably, no objections were filed against the fee request. One of the three objectors actually supported the fee request despite his other objections. (Volin Objection, Docket No. 92.)

vember 2008. Accordingly, the multiplier is justified in part by the work that Plaintiffs' counsel necessarily performed in addition to those hours reported since the end of November 2008, such as the preparation for and attendance at the fairness hearing held on January 8, 2009.

Based on a review of those lodestar reports, the Court is satisfied that the time and labor Class Counsel expended is reasonable and supports their request for an award of attorneys' fees.

*The Novelty and Difficulty of the Questions Involved:* The Court recognizes that defective product class actions are complex and involve risk. This case is particularly complex because it involves a dispute over an aesthetic and maintenance issue for a product sold to 150,000 homeowners in diverse locations, under varying circumstances, and over the period of many years. The Court finds that the novelty and difficulty of the questions involved here supports Class Counsel's fee request.

*The Preclusion of Other Employment:* The Court is satisfied that the demanding nature of this action precluded Class Counsel from accepting other potentially profitable work.[3]

*The Customary Fee:* The modest 1.82 multiplier requested by Class Counsel falls well within the range of multipliers approved by Ninth Circuit courts. *See Vizcaino,* 290 F.3d at 1052–54 (approving multiplier of 3.65 and citing a survey of class settlements from 1996–2001 indicating that most multipliers range from 1.0 to 4.0). In light of the range of multipliers commonly approved by courts within the Ninth Circuit, and the substantial additional work Class Counsel are certain to dedi-

cate to this case, the fee request is reasonable.

*Whether the Fee is Contingent:* Class Counsel undertook this class action on a purely contingent basis, with no assurance of recovering expenses or attorneys' fees.[4] Despite this lack of assurance, Class Counsel expended considerable time and resources to prosecute the case successfully on behalf of the Class.

*The Results Obtained:* As discussed in detail in this Court's Order Granting Final Approval of Class Action Settlement, entered concurrently, the Court is satisfied that the Settlement provides Class members with substantial benefits by providing a combination of free and discounted cleanings, mold inhibitor treatments, credit vouchers for use at home improvement stores, cash refunds, and/or full replacement material.

 In addition, Class Counsel achieved this result in an expeditious manner, without the delay, expense and risk of litigation. The lodestar method "permits the court to recognize and reward achievements of a particularly resourceful attorney who secures a substantial benefit for his clients with a minimum of time invested." *Merola v. Atl. Richfield Co.,* 515 F.2d 165, 168 (3d Cir.1975). *See also Arenson v. Bd. of Trade of City of Chicago,* 372 F.Supp. 1349, 1358 (N.D.Ill.1974). Here, Class Counsel avoided considerable burden and expense to the parties and the judicial system by conducting a thorough investigation, facilitating informal discovery that proceeded smoothly and effectively without Court intervention, and achieving a favorable Settlement in a timely fashion. The multiplier of 1.82 is especially reasonable in light of the benefits derived from Class Counsel's efforts.

---

**3.** *See* Declarations of Selbin ¶ 18 (Dkt. No. 122 at 9), Naegele ¶ 15 (Dkt. No. 125 at 5).

**4.** *See* Declarations of Selbin ¶ 17 (Dkt. No. 122 at 9), Heller ¶ 16 (Dkt. No. 123 at 4), Naegele ¶ 14 (Dkt. No. 125 at 5).

*The Experience, Reputation and Ability of the Attorneys:* The Court is satisfied that the reputation, experience, and ability of Class Counsel were essential to success in this litigation. Class Counsel have substantial experience in consumer class action litigation.[5]

### B. CLASS COUNSEL'S REQUEST FOR REIMBURSEMENT OF COSTS IS REASONABLE

The Court further finds that Class Counsel's request for reimbursement of costs is also reasonable. Throughout the course of this litigation, Class Counsel incurred out-of-pocket costs totaling $76,472.36.[6] The Ninth Circuit allows recovery of pre-settlement litigation costs in the context of class action settlement. *Staton v. Boeing Co.,* 327 F.3d 938, 974 (9th Cir.2003); *In re Media Vision Tech. Sec. Litig.,* 913 F.Supp. 1362, 1366 (N.D.Cal.1996); *Grays Harbor,* 2008 WL 1901988, at *4. Where, as here, the requested attorneys' fees and costs will be paid in addition to (and not out of) the relief available to the Class, reimbursement of reasonable costs is fully in keeping with applicable law. Based on a review of Class Counsel's summary expense reports and the detailed expense reports submitted for *in camera* review, the Court is satisfied that the requested costs are relevant to the litigation and reasonable in amount.

### C. INCENTIVE AWARDS FOR THE NAMED PLAINTIFFS ARE APPROPRIATE

 Plaintiffs request combined service payments of $30,000, consisting of $7,500 payments to the Jamruks, the Pelletzes, Mr. Mustac, and Mr. Knudtson. The trial court has discretion to award incentives to the class representatives. *In re Mego Fin. Corp. Sec. Litig.,* 213 F.3d 454, 463 (9th Cir.2000); *Grays Harbor,* 2008 WL 1901988, at *6. The criteria that courts have used in considering the propriety and amount of an incentive award include: (1) the risk to the class representative in commencing a class action, both financial and otherwise; (2) the notoriety and personal difficulties encountered by the class representative; (3) the amount of time and effort spent by the class representative; (4) the duration of the litigation; and (5) the personal benefit, or lack thereof, enjoyed by the class representative as a result of the litigation. *Van Vranken v. Atl. Richfield Co.,* 901 F.Supp. 294, 299 (N.D.Cal.1995); *see also Federal Judicial Center, Manual for Complex Litigation* § 21.62 n. 971 (4th ed. 2004) (enhancement payments may be "merited for time spent meeting with class members, monitoring cases, or responding to discovery").

Here, the record indicates that the Class Representatives contributed to the litigation by: (1) assisting counsel with the preparation of the complaints and amended complaints; (2)producing relevant documents and responding to other informal written discovery; (3)opening up their homes to day-long inspections, cleanings and sampling of their decks, (4)staying abreast of the settlement negotiations; (5) reviewing the Settlement terms; and (6) preparing and submitting declarations to

---

5. *See* Declarations of Selbin ¶¶ 2–6 (Dkt. No. 122 at 2–5), Stephens ¶¶ 2–5 (Dkt. No. 124 at 2–4), Heller ¶¶ 2–3 (Dkt. No. 123 at 2), Lewis ¶¶ 2–6 (Dkt. No. 126 at 2–4), Naegele ¶¶ 2–5 (Dkt. No. 125 at 2–3), and Griffin ¶ 2 (Dkt. No. 127 at 2).

6. *See* Declarations of Selbin ¶¶ 15–16 (Dkt. No. 122 at 9), Stephens, Exh. A (Dkt. No. 124 at 7), Heller ¶ 14 (Dkt. No. 123 at 4), Lewis ¶ 16 (Dkt. No. 126 at 8), Naegele ¶ 13 (Dkt. No. 125 at 5), and Griffin ¶ 4 (Dkt. No. 127 at 2–3).

the Court.[7] In light of these facts, the Court finds that each Class Representative's contribution to the litigation and Settlement process was sufficient to warrant an incentive payment award.[8]

When compared to service awards in other cases, the $7,500 payments requested here are justified.[9] In light of the Class Representatives' efforts and the risks undertaken to obtain the Settlement for the Class, the Court hereby approves the payment of $7,500 each to the Jamruks, the Pelletzes, Mr. Mustac, and Mr. Knudtson.

\* \* \*

Due and adequate notice having been given to the Class as required in this Court's September 15, 2008 Preliminary Approval Order, and the Court having considered all papers filed and proceedings had herein, and otherwise being fully informed, and good cause appearing therefore,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:**

This Court hereby finds and concludes that due and adequate notice was directed to all persons and entities who are Class Members, advising them of Class Counsel's intent to seek attorneys' fees and expenses, the proposed Class representatives' stipends, and of their right to object thereto.[10]

A full and fair opportunity was accorded to all such persons and entities to be heard with respect to the Fee Application.

The Court hereby grants Class Counsel's request for reimbursement of $76,472.36 in out-of-pocket costs, plus attorneys' fees in the amount of $1,673,527.64, for a combined total of $1,750,000. The fee award represents a modest 1.82 multiplier on Class Counsel's lodestar of $921,182.05 as of November 30, 2008, a figure which is likely to grow over the coming years for the reasons described above.[11]

In addition to any relief they may receive under the Settlement Agreement, the Court approves payment of a $7,500 incentive payment to the Jamruks, the Pelletzes, Mr. Mustac, and Mr. Knudtson. Defendants shall pay the Court-approved stipend to Class Counsel, in trust for the Class Representatives, promptly after final disposition of any appeals arising from this Order or this Court's concurrent Order

---

7. *See* Declarations of Joseph and Stacey Jamruk (Dkt. No. 131), Michael Mustac (Dkt. No. 132), Greg Knudtson (Dkt. No. 133), and Betty and Stanley Pelletz (Dkt. No. 130).

8. The sole objector to the stipend payments offered no rationale or basis for his objection. (Volin Objection, Docket No. 92.) The objection is overruled.

9. *See, e.g., Hughes v. Microsoft Corp.,* C98–1646C, 93–0178C, 2001 WL 34089697, at \*12–\*13 (W.D.Wash. Mar. 26, 2001) (approving incentive awards of $7,500, $25,000, and $40,000); *Carroll v. Blue Cross & Blue Shield of Mass.,* 157 F.R.D. 142, 143 (D.Mass.1994), *aff'd* 34 F.3d 1065 (1st Cir.1994) ("the class representatives shall receive payments of $7,500 each as compensation for services rendered to the class in initiating and prosecut-

ing this action"); *Bogosian v. Gulf Oil Corp.,* 621 F.Supp. 27, 32 (E.D.Pa.1985) (stating "the propriety of allowing modest compensation to class representatives seems obvious," and awarding $20,000 to two named class representatives). *See In re Mego Fin. Corp. Sec. Litig.,* 213 F.3d 454, 457, 463 (9th Cir. 2000) (approving service awards of $5,000 from a total settlement of $1,725,000); *Razilov v. Nationwide Mut. Ins. Co.,* No. 01–CV–1466–BR, 2006 WL 3312024, at \*3–\*4 (D.Or. Nov. 13, 2006) (approving $10,000 award to each class representative).

10. *See generally* Keough Declaration (Dkt. No. 136).

11. *See* Selbin Decl. ¶ 19 (Dkt. No. 122 at 9–10).

Granting Final Approval of Class Action Settlement.

The awarded attorneys' fees and costs shall be paid pursuant to the terms, conditions and obligations of the Settlement Agreement, which provides for payment in three tranches, with the first third to be paid after final approval, and the remaining installments made at six-month intervals. The payment of the awarded fees and costs is conditioned on the Stipulated Undertaking for Repayment of Attorneys' Fees and Costs, which has been signed by the parties and was approved by this Court on September 15, 2008.

The awarded fees and expenses shall be directed to Class Counsel for distribution in a manner that reflects each firm's contribution to the initiation, prosecution and resolution of this litigation. The Court authorizes the co-lead counsel firms of Lieff Cabraser Heimann & Bernstein, LLP and Gary, Naegele & Theado, LLC, to allocate the fee award among the Class Counsel firms.

Without affecting the finality of this Order, the Court reserves continuing and exclusive jurisdiction over parties to the Settlement Agreement to settle any disputes related to the allocation of the costs and fees awarded by this Order.

IT IS SO ORDERED.